## COURT OF CHANCERY, FEB. TERM, 1801.

### WHITE *vs.* CASANAVE's Heirs, *et. al.* (a)

If a conveyance is made of land, and a bond taken for the purchase money, and the purchaser dies without having paid the purchase money, and the land is decreed to be sold for the payment of the debts of the deceased the vendor is entitled to a preference in the payment of his debt.

THE bill in this case, (filed on the 5th of January 1799,) amongst other things stated, that on the 30th of July 1794, the complainant contracted with *Peter Casanave*, for the sale of a tract of land, then belonging to him the complainant, called *Mill Seat*, containing 75 acres, for the sum of 10*l*. per acre; that the said *Casanave* did on the said day execute to the complainant a bond for the payment of the purchase money of the said land; that the said *Casanave* never made any payment of any part of the purchase money for the land, nor gave to the complainant any bond, or other security, for the said purchase money, other than the above mentioned bond. That the said *Casanave*, representing to the complainant that he wished for a conveyance, and was ready to make a payment of the purchase money, and under an expectation that such payment would be made before the deed was recorded, the complainant did on the 26th of June 1795, convey to the said *Casanave* the land aforesaid, by deed of that date. That the said *Casanave*, so having obtained from the complainant a conveyance for the said land, died intestate, leaving two children, *Joane* and *Peter Casanave*, both infants, and that *Anne Casanave*, his widow, and *Nicholas Young*, have taken out letters of administration on the personal estate of the said *Peter Casanave*. That the said *Casanave* was much involved in his circumstances, and died in-

(a) There were sundry other bills filed by *Beall, Dorsey, Dealins* and others, claiming like preferences for other lands sold and conveyed, but not paid for, and decrees were passed similar to that which took place in the present case.

solvent as to his personal estate, which has already been exhausted in the payment of his debts, and that a bill was filed in the court of chancery by *William Deakins,* &c. as creditors of the said *Casanave,* for the sale of his real estate, and that court passed a decree on the 28th of June 1798, for the sale of the real estate of the said *Casanave,* by which a certain *Samuel Brooke* is appointed trustee; that the said *Brooke,* by virtue of the power reposed in him by the said decree, has advertised for sale the real estate of the said *Casanave,* and with the rest, the said land called *Mill Seat,* &c. *Prayer,* that the complainant may be first paid the purchase money of the land in the deed aforesaid mentioned, in preference to the other creditors, out of the sales of the said land; and for such other relief, &c.

*Shaaff,* for the complainant. The question is, Whether if a conveyance is made of land, and a bond taken for the purchase money, the land can be pursued in the hands of the party, his heirs, or a purchaser, without notice?

If a person sells land, and the vendee becomes bankrupt before the payment of the purchase money, the vendor has a lien on the land for the payment of the purchase money, although nothing is said specially about it. 1 *Vern.* 267, *Fonbl. Eq.* 374. If a man sells land, and makes a conveyance of it, and the money is not paid, as against the vendee, his heirs, or any claiming under him with notice of this equity, the land may be resorted to, 2 *Ves.* 622. If A sells an estate, and takes a promissory note for part of the purchase money, and then the purchaser sells to B, who had notice that A had not received the purchase money, the land is chargeable in equity with the balance of the purchase money, 2 *Eq. Ca. Ab.* 682. Land sold, but vendee died before the payment of all the purchase money—per Lord *Hardwicke*—The vendor has a lien on the estate sold for the remainder of the purchase money. The vendee is from the time of the agreement a trustee as to the money for the vendor. 3 *Atkyns,* 273. Vendee of lands mortgaged

them to the vendor for part of the purchase money, and a note given for the balance; the note shall not be a lien. 2 *Vern.* 281, decreed in 1692. Lands were sold, and a bond taken for the purchase money, and a conveyance made; the bond no lien. The ground of the decree was, that a bond was taken. *Amb. Rep.* 724, decreed in 1773. The subject again came on in a case where a bond was given for the purchase money, Lord *Loughborough, Ashurst* and *Hotham,* commissioners. It appeared to be admitted on both sides, that if no security was given the debt would be a lien; but the question there was, whether a bond being given would not alter the case. All the several cases were collected and considered. Lord *Loughborough* thought the vendor ought to have a preference. He thought on a bargain and sale there must be money passing; otherwise the bargainee was only a trustee for the bargainor. A case was cited, in which land was settled to two; the consideration was an annuity—but the conveyance was absolute, and a bond taken for the annuity from the vendees; one of the vendees married a husband, who obtained a conveyance of one half of the lands for life—the wife died, and it was decreed, that although there was a bond, and although the husband was discharged from the debt of his wife by her death, yet the land was liable. But the principle case in *Brown,* went off without any determination. *Brown's Cha. Ca.* 420. In the case of *Ridgely vs. M'Kenna's Ex'r.* in this court (4 *Harr. & M'Hen.* 167.) the chancellor, in his decree says, that if land is sold and conveyed, and the purchase money is not paid, if the buyer dies and the land is sold for payment of debts, the vendor has a preference. It is said that the agreement of parties, if express, ought not to be affected by a collateral security; but if it is an implied agreement, as that the purchased property should be liable for the purchase money, the taking of a bond might reasonably be considered as a waiver of the security by the parties. *Fonbl.* 143.

HANSON, Chancellor, decreed, that the complainant should have a preference agreeably to the prayer contained in his bill.